## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**WILLIAM F. CARADINE/ASSABUR,**
**ADC #90785**                                                                    **PLAINTIFF**


**v.**                              **Case No. 4:11-cv-663-DPM**


**KYLE STORY and GREG SMITHSON**                              **DEFENDANTS**


### ORDER

William F. Caradine/Assabur, an inmate in the Arkansas Department

of Correction, applies to proceed *in forma pauperis* in this § 1983 case.

Caradine/Assabur is a three-striker under the Prison Ligation Reform Act.

28 U.S.C.A. § 1915(g) (West 2006); *see also Higgins v. Carpenter*, 258 F.3d 797,

800 (8th Cir. 2001) (upholding the constitutionality of the three-strikes

provision).   He has filed at least three cases that were dismissed for

frivolousness or failure to state a claim upon which relief may be granted.

*Caradine/Assabur v. University of Arkansas for Medical Sciences et al.*,

4:10-cv-1960-JLH; *Caradine/Assabur v. Social Security Administration*,

4:10-cv-1961-BRW; *Caradine/Assabur v. Little Rock Police Department*,

4:10-cv-1962-SWW.

Caradine/Assabur is not in imminent danger of serious physical injury: he alleges that he was wrongly arrested on two charges of aggravated robbery in Sebastian County, Arkansas. The arrest, however, took place at least two years ago, so there is not immediate threat of harm. He also complains about the quality of the medical care that he has received at the ADC. But Caradine/Assabur is suing two Fort Smith Police Department detectives — not the ADC officials who are responsible for his care. Because the named Defendants have no control over Caradine/Assabur's medical treatment at the ADC, he could not proceed on his Eighth Amendment claim against either of the Defendants named in this lawsuit, even if his medical needs placed him in imminent danger of serious physical injury. So the statute's exception to the three-strikes rule does not apply. 28 U.S.C.A. § 1915(g) (West 2006).

Caradine Assabur's motion to proceed *in forma pauperis, Document No. 1,* is denied, and his complaint is dismissed without prejudice. If he wishes to pursue this case, he must, within thirty days of the entry of this Order: (1) pay the full statutory filing fee of $350, noting the case style and number; and (2) file a motion to reopen the case. The Court certifies an *in forma pauperis*

appeal from this Order and the accompanying Judgment would not be taken in good faith.  28 U.S.C.A. § 1915(a)(3) (West 2006).

So Ordered.

D.P. Marshall Jr.
United States District Judge

13 September 2011